**Peter C. Richter**
**OSB No. 711465**
peter.richter@millernash.com
**Justin C. Sawyer, P.C.**
**OSB No. 014057**
justin.sawyer@millernash.com
**Jonathan H. Singer**
**OSB No. 105048**
jonathan.singer@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:      (503) 224-5858
Facsimile:       (503) 224-0155

Attorneys for Plaintiff Randy Ritmiller

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| RANDY RITMILLER, for himself and derivatively on behalf of Spirit Enterprises of Oregon, Inc., a nominal defendant,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL SPICER, and SPIRIT ENTERPRISES OF OREGON, INC., (D/B/A Stan the Hot Water Man), an Oregon corporation,<br><br>          Defendants. | Case No. 3:14-cv-02011-KI<br><br>PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 USC § 1447<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**EXPEDITED HEARING REQUESTED** |

Page 1 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

**LOCAL RULE 7.1 CERTIFICATION:**

The undersigned certifies that the counsel for the parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so.

**MOTION**

Seeking to avoid his deposition on December 23, 2014, and a hearing scheduled before the Honorable Edward E. Jones tomorrow, Michael Spicer ("Spicer") has removed this action, which has been pending in state court since June 2013. Pursuant to 28 USC § 1447(c), plaintiff Randy Ritmiller moves to remand this matter to the Multnomah County Circuit Court because:

1. There is a "'strong presumption against removal jurisdiction,'" which "'means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to the state court." *Hunter v. Phillip Morris USA*, 582 F3d 1039, 1042 (9th Cir 2009) (quoting *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992) (per curiam) (internal quotation marks omitted)).

2. Spicer has mischaracterized the record, ignoring the motion he filed in state court on May 22, 2014, which added Spirit Enterprises of Oregon, Inc. (the "Company") as a defendant, so that the Company could assert counterclaims against plaintiff Randy Ritmiller (which it has done). There is no diversity jurisdiction.

3. In addition to asserting counterclaims and engaging in extensive motion practice and discovery in state court, Spicer and his counsel committed to deposition dates and a date-certain trial date on February 23, 2015. Spicer has thereby waived and should be estopped from asserting any purported right of removal.

4. The one-year window for removal since commencement of this action has long expired, and Spicer has provided no allegation of the bad faith necessary to trigger the equitable exception under 28 USC § 1446(c). The Notice of Removal is therefore defective and untimely.

Page 2 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

5. Spicer did not seek removal within the necessary 30 days after the entry of an order on March 7, 2014, which, if diversity has ever been present, existed then. 28 USC § 1446(b)(3). Instead, Spicer filed a motion to add the Company as a defendant and thereby destroyed any potential diversity and waived any right of removal.

6. Finally, although any one of the points above warrant remand, the Court should also abstain from asserting jurisdiction over this action because it involves a statutory claim for minority shareholder oppression that implicates the Oregon state courts' interest in overseeing the governance of Oregon companies.

As reflected in Plaintiff's Memorandum in Opposition to Spirit Enterprises of Oregon, Inc.'s Motion to Stay Proceedings,[1] Spicer's removal is the latest in a series of evasive moves that seek to delay and avoid resolution of this lawsuit, including a hearing tomorrow that was set by the Company, depositions scheduled for next week, a hearing on December 29 that was set by agreement of all the parties, and trial in February. Ritmiller respectfully asks that this Court resolve this motion on an expedited basis.

In support of the motion to remand, Randy Ritmiller relies on his memorandum in support of motion to remand, the Declaration of Justin C. Sawyer ("Sawyer Decl."), and the records and files in this action.

## MEMORANDUM

## I.    Ritmiller's Claims.

As summarized in paragraphs 1 through 3 of the First Amended Complaint, this action arises out of the discovery by Ritmiller, 49 percent shareholder of the Company, that the Company's majority shareholder, Spicer, and his family have improperly taken out of the Company hundreds of thousands of dollars in personal expenses, extra shareholder distributions,

---

[1] A draft of this memorandum is attached as Exhibit 1 to the Declaration of Justin C. Sawyer. The Company scheduled an expedited hearing on its motion to stay for tomorrow. Declaration of Justin C. Sawyer, ¶ 3, Ex. 2.

Page 3 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

and "loans" over the last several years. The extra distributions paid to Spicer amounted to $124,550 just since 2008. The expenses include, but are not limited to:

1. College tuition for one of Michael Spicer's children;
2. Travel to and shopping in Las Vegas;
3. Travel to and entertainment in Hawaii;
4. Fraternity fees;
5. Cosmetic procedures; and
6. NASCAR experience.

When Ritmiller raised concerns regarding the operation of the Company, Spicer:

1. Fired Ritmiller;
2. Unilaterally removed Ritmiller as a director;
3. Refused and delayed full disclosure of the Company's books and records;
4. Cut off Ritmiller's salary and benefits;
5. Reduced or eliminated distributions to Ritmiller (at a time when the Company's gross revenues rose from $2.5 million in 2011 to $2.9 million in 2013); and
6. Quadrupled his own salary.

Since June 2013, Ritmiller has been seeking to correct these abuses and to prevent further harm to both him and the Company by bringing various claims, including minority shareholder oppression under ORS 60.952, which provides for equitable relief, including, but not limited to the removal of Spicer as a director; the appointment of an independent custodian; an equalization of distributions; an accounting; and a forced sale of Ritmiller's shares.[2]

---

[2] *See,* First Amended Complaint ¶¶ 1-3.

Page 4 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

## II.     The Litigation.

This litigation was commenced on June 20, 2013, when Ritmiller filed the Original Complaint against Spicer and members of his family based on allegations that "funds of Spirit Enterprises [were] being diverted for the personal benefit of Michael Spicer" and his family through credit card spending, improper distributions, and improper loans.  Sawyer Decl., ¶ 4, Ex. 3, (Plaintiff's Original Complaint ¶¶ 12-13, 16-18, 21).  On December 16, 2013, the defendants filed an Answer, Affirmative Defenses and Counterclaims.  Sawyer Decl., ¶ 5, Ex. 4.

On March 7, 2014, an order was entered dismissing all of the defendants, except Michael Spicer.  Sawyer Decl., ¶ 6, Ex. 5.  Rather than filing a Notice of Removal, Spicer filed a filed a motion seeking to add the Company as a defendant on May 22, 2014.  Sawyer Decl., ¶ 7, Ex. 6.  The motion was granted, and both the Company and Spicer have since actively asserted counterclaims against Ritmiller and sought extensive discovery from him.[3]  Sawyer Decl., ¶¶ 8-13, Exs. 7-12.

During September and October, counsel for the parties committed to a date-certain trial date in February and then agreed to participate in a mediation on December 4, 2014.  Sawyer Decl., ¶¶ 14-15, Ex. 13.   Spicer and the Company insisted on holding discovery until the mediation, and consequently, a critical condition to Ritmiller's agreement to mediate was the commitment of the Company, Spicer, and their counsel to proceed with the following schedule if the mediation failed:

|  |  |
|---|---|
| December 12 | Remaining discovery exchanged |
| December 22 | Deposition of Randy Ritmiller |

---

[3] On June 30, 2014, defendants filed their First Amended Answer, Affirmative Defenses and Counterclaims—including permissive counterclaims by the Company against Ritmiller for conversion (Second Counterclaim), tortious interference with economic relations (Third Counterclaim), breach of contract (Fourth Counterclaim), and replevin (Fifth Counterclaim).  At that time, Ritmiller was asserting claims against Spicer only.  The Company seeks judgments against Ritmiller in the amounts of $90,000 (Second and Fourth Counterclaims) and $25,000 (Third and Fifth Counterclaims), plus pre- and post-judgment interest.

Page 5 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

| | |
|---|---|
| December 23 | Deposition of Michael Spicer |
| December 29 | Hearing on any outstanding discovery issues |
| January 5-14 | Remaining depositions |
| February 23 | Trial |

Sawyer Decl., ¶¶ 15-16, Ex. 13-14.

The mediation failed. But rather than abiding by their scheduling agreement, the Company and Spicer have since stonewalled Ritmiller's discovery requests and seek to further delay his day in court through an expedited motion to stay that was filed by the Company on December 12, 2014, and now this removal.

**III. This Action Should Be Remanded.**

"District courts must construe the removal statutes strictly *against* removal and resolve any uncertainty as to removability in favor of remanding the case to state court." *Acosta v. Direct Merchants Bank*, 207 F Supp 2d 1129, 1131 (SD Ca 2002) (citing *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F2d 815, 818 (9th Cir 1985)). As discussed below, this action should be remanded.

First, this Court should remand this matter under 28 USC § 1447(c) because subject matter jurisdiction is lacking. Contrary to the assertions in the Notice of Remand, the Company has taken substantial action to advance interests directly adverse to those of Ritmiller, including the assertion of counterclaims, a motion to stay his claims, and extensive discovery directed at supporting defendants' counterclaims.[4] The Company and plaintiff Ritmiller are both residents of Oregon, and diversity jurisdiction is consequently lacking.

---

[4] It is also worth noting that "[i]n actions in which there is more than one defendant, all defendants must consent to removal." *Anderson v. Kaz, Inc.*, No. 08-CV-253-BR, 2008 WL 2477559 (D Or Jun 12, 2008). Although there is an exception to this rule where a non-consenting party is a nominal defendant, as discussed *supra*, the Company is not a nominal defendant. The Company—which has been an active defendant asserting its own counterclaims—did not join the Notice of Removal, and consequently, the Notice is defective.

Page 6 - Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

Second, by asserting counterclaims, engaging in motion practice, and serving extensive discovery,[5] both the Company and Spicer have waived and should be estopped from asserting a right of removal now. *See, e.g., Acosta v. Direct Merchants Bank*, 207 F Supp 2d 1129, 1132 (SD Ca 2002) (defendant's voluntary cross complaint "intentionally invoked the state court's jurisdiction thereby waiving [defendant's] right to remove to federal court.").[6] Indeed, defendants and their counsel committed to a schedule for discovery, depositions, and trial, and Ritmiller relied on that agreement. Defendants and their counsel should be required to abide by it.

Third, a state court action cannot be removed on the basis of diversity jurisdiction more than one year after the commencement of the action absent a court's finding of bad faith on the part of the plaintiff. 28 USC § 1446(c). The Original Complaint was filed on June 20, 2013, nearly 18 months before removal, and there is no allegation of the bad faith necessary to trigger the exception. Spicer's Notice of Removal is therefore untimely.

Fourth, where, as here, the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant * * * of a copy of an amended pleading, motion, **order** or other paper from which it may first be ascertained that the case is * * * removable." 28 USC § 1446(b)(3) (emphasis added). If there was ever diversity among the parties, it was present on March 7, 2014, when the Multnomah County Circuit Court issued an order granting a motion to dismiss all of the claims, except claims asserted against Spicer. Instead of seeking removal within that 30-day window, Spicer joined the Company as a

---

[5] On October 15, 2014, the Company propounded 24 broad Requests for Production on Randy Ritmiller, including requests for Randy Ritmiller's draft and final personal financial statements, his state and federal tax returns, his medical prescription records, and bills for his cellular phone. Sawyer Decl., ¶ 10, Ex. 9.

[6] *See also* James W. Moore, et al., *Moore's Federal Practice,* § 107.18[3][a] (waiver of a defendant's right to remove occurs through "[p]articipating in state court proceedings, such as seeking some form of affirmative relief, when the defendant is not compelled to take the action.").

Page 7 -    Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

defendant several months later thereby destroying any purported diversity.  Spicer has waived and should be estopped from asserting a right of removal now.

Finally, although this action should be remanded based on any one of the points described above, Spicer's removal seeks to delay resolution of a state-law claim for minority shareholder oppression under ORS 60.952, which entitles Ritmiller to equitable relief, including the removal of directors of this Oregon company, the appointment of a custodian to manage it, an equalization of distributions, and a forced sale of Ritmiller's shares in the Company.

The Oregon state courts have an interest in applying this state-law claim and overseeing the governance of Oregon companies.  The Court should therefore abstain from asserting jurisdiction over this matter.  *See, e.g., Quackenbush v. Allstate Ins. Co.*, 517 US 706, 721 (1996) (federal courts can decline to exercise jurisdiction over equitable claims by remanding to state court).

For the reasons discussed above, Ritmiller respectfully asks that this motion to remand be granted.

DATED this 17th day of December, 2014.

MILLER NASH LLP

*/s/Justin C. Sawyer*
Peter C. Richter
OSB No. 711465
peter.richter@millernash.com
Justin C. Sawyer, P.C.
OSB No. 014057
justin.sawyer@millernash.com
Jonathan H. Singer
OSB No. 105048
jonathan.singer@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Plaintiff Randy Ritmiller

Page 8 -   Plaintiff's Motion to Remand Pursuant to 28 USC § 1447

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

I hereby certify that I served the foregoing plaintiff's motion to remand pursuant to 28 USC § 1447 on:

| | |
|---|---|
| William F. Martson, Jr.<br>Ryan M. Bledsoe<br>Alex Tinker<br>Tonkon Torp LLP<br>1600 Pioneer Tower<br>888 S.W. Fifth Avenue<br>Portland, Oregon  97204<br>Fax:  (503) 974-8779<br>E-mail:  rick.martson@tonkon.com<br>         ryan.bledsoe@tonkon.com<br>         alex.tinker@tonkon.com<br><br>*Attorneys for Defendant Michael Spicer* | Joshua P. Stump<br>Harrang Long Gary Rudnick P.C.<br>1001 S.W. Fifth Avenue, 16th Floor<br>Portland, Oregon  97204<br>Fax:  503 241-1458<br>E-mail:  joshua.stump@harrang.com<br><br>*Attorneys for Defendant Spirit Enterprises of Oregon, Inc.* |

by the following indicated method or methods on the date set forth below:

☒   **CM/ECF system transmission.**

DATED this 17th day of December, 2014.

*/s/Justin C. Sawyer*
Justin C. Sawyer, OSB No. 014057
Of Attorneys for Plaintiff Randy Ritmiller

Page 1 -   Certificate of Service

PDXDOCS:2055345.2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699