IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY RITMILLER,                                3:14-cv-02011-BR

       Plaintiff,                              ORDER

v.

MICHAEL SPICER and SPIRIT
ENTERPRISES OF OREGON, INC.,
an Oregon corporation,

       Defendants.

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Randy Ritmiller's Motion (#5) to Remand Case to State Court.  On January 10, 2014, the Court heard oral argument on the Motion. For the reasons stated on the record and as follows, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter to Multnomah County Circuit Court.

1 - ORDER

## BACKGROUND

Plaintiff filed this action in Multnomah County Circuit Court on June 20, 2013.  In his complaint, Plaintiff raised nine claims against various combinations of Defendant Michael Spicer and former Defendants Amy Spicer, Mary Lou Spicer, Justin Spicer, and Andrew Spicer.

Plaintiff and former Defendants Amy Spicer, Mary Lou Spicer, Justin Spicer, and Andrew Spicer are residents of Oregon. Michael Spicer is a resident of Washington.

On March 7, 2014, the Multnomah County Circuit Court dismissed each of the claims in Plaintiff's complaint against Amy Spicer, Mary Lou Spicer, Justin Spicer, and Andrew Spicer and some of the claims against Michael Spicer.  The only claims remaining after the state court's order were Claims Five, Seven, and Eight against Michael Spicer.  Although the state court dismissed some claims without prejudice and granted Plaintiff leave to amend his complaint within ten days, Plaintiff did not do so within that period.

The parties continued litigating in Multnomah County Circuit Court until December 5, 2014, when Plaintiff filed a first amended complaint in which he alleged several new claims against Michael Spicer and added Spirit Enterprises of Oregon, Inc., as a

2 - ORDER

party defendant.   On December 16, 2014, Defendant Michael Spicer removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.   On December 17, 2014, Plaintiff filed this Motion.

**DISCUSSION**

In support of his Motion, Plaintiff asserts removal is untimely under 28 U.S.C. § 1446(c)(1) because Defendant seeks to remove this matter after it has been pending in the state court for more than one year and because Defendant could have ascertained this action was removable when the Multnomah County Circuit Court dismissed the claims against the other defendants in state court.   Defendant Michael Spicer, however, contends removal is appropriate because Spirit Enterprises is a nominal defendant and, therefore, the true parties are completely diverse, an equitable exception excuses Defendant from noncompliance with the one-year limitation in § 1446(c)(1), and removability only became ascertainable when Plaintiff filed his first amended complaint in the state action.

28 U.S.C. § 1446(b)(3) provides a defendant may remove a case that was not initially removable within 30 days after the defendant receives "a copy of an amended pleading, motion, order

3 - ORDER

or other paper from which it may first be ascertained" that the case is removable.  Section 1446(c)(1), however, limits the time-frame in which a case is removable under § 1446(b)(3) and provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Although Defendant contends bad faith and dilatory litigation tactics by Plaintiff while represented by former counsel in state court excuse Defendant from the one-year limitation in § 1446(c)(1), Defendant (as noted during oral argument) has not presented any evidence that Plaintiff's alleged bad-faith actions in state court prevented Defendant from timely removing this action.  Accordingly, because there is not any basis to excuse Defendant from the one-year time limit prescribed in § 1446(c)(3), Defendant's failure to remove this action within one year of the commencement of this action renders Defendant's late removal ineffective.

On this record the Court concludes removal is improper and, accordingly, remands this matter to Multnomah County Circuit Court.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#5)

4 - ORDER

to Remand Case to State Court and, accordingly, **REMANDS** this action to Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED this 12th day of January, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge